David D. Deason (SBN 207733)
e-mail: David@yourlaborlawyers.com
Matthew F. Archbold (CA SBN 210369)
e-mail: Matthew@yourlaborlawyers.com
DEASON & ARCHBOLD
3300 Irvine Avenue, Suite 245
Newport Beach, CA 92660
Telephone: (949) 794-9560
Facsimile: (949) 794-9517

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF R. CORTINA,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: 2:23-cv-1437<br><br>**COMPLAINT FOR DAMAGES;<br>DEMAND FOR JURY TRIAL** |

_____

## **JURISDICTION**

1.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) as the controversy arises under "constitution, laws or treaties of the United States; specifically, the claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.,* ("FLSA").

## **VENUE**

2.       Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, events, or omissions giving rise to the action occurred in this District and Plaintiff and Defendant each reside/operate businesses within this district.

# PARTIES

3.     Plaintiff JEFF R. CORTINA (hereinafter "CORTINA" or "Plaintiff") was employed by Defendant City of Los Angeles as a police officer for approximately twenty-two (22) years and retired on April 9, 2022.

4.     Defendant, CITY OF LOS ANGELES ("CITY" or "Defendant"), is a political subdivision of the State of California located within California and is an employer whose employees are engaged in commerce within the meaning of 29 U.S.C. § 207(a) and as defined in 29 U.S.C. §§ 203(d) and 203(e)(2)(c).

5.     Each of the DOES 1 through 10, inclusive, is so named because Plaintiff does not know their true names and/or capacities at this time.  Plaintiff will seek leave of Court to amend this Complaint when the true names and capacities of the defendants designated herein as DOES 1 through 10 have been ascertained.

6.     Plaintiff is informed and believes, and on the basis of such information and belief, alleges that each defendant was an agent, employee, partner, and/or alter ego of each of the other remaining defendants, and in doing the things herein alleged were acting within the scope and course of such agency and/or employment.  Upon information and belief, each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by such defendants.

7.     The defendants, and each of them, save and except Defendant CITY, which is sued as an entity, are sued in their individual and official capacities.

8.     The acts of defendants were in accordance with, and represent the official policy of, Defendant CITY or those whose edicts or acts may fairly be said to represent official policies hereinafter set forth.

9.     Each defendant herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein.

## **STATEMENT OF FACTS**

10.   Plaintiff retired from the Los Angeles Police Department on April 9, 2022, after 22 years of service.  During his employment, Plaintiff "banked" more than 800 hours of Compensatory Time Off ("CTO") for overtime hours worked, totally $89,513.78.  This CTO was due and payable at the time of his retirement, but he did not receive the money owed until the first week of August, 2023, despite numerous communications by Plaintiff requesting payment.

11.   The excuse most consistently provided for Defendant's failure to make payment in a timely manner is that they were experiencing a "payroll glitch." Indeed, a letter from the Los Angeles Police Protective League to Mr. Cortina, dated July 14, 2022, confirms that Defendant was aware of the delinquency in payment and the alleged "payroll glitch."

12.   Defendant knew or should have known that it failed to compensated Plaintiff in a timely manner.  The "glitch" excuse has been consistently used by the City when failing to make payment in a timely manner and does not constitute a defense to its obvious violation of federal law.  The veracity of Defendant's position in failing to make payment is further complicated by the fact that the check that Mr. Cortina ultimately received was dated June 29, 2022, which is almost three (3) months after the date it was due, but nevertheless still more than a month before payment was ultimately made available.

13.   In short, Defendant sat idly by, notwithstanding numerous communications seeking timely payment, and knowingly failed to provide lawful compensation.  Plaintiff is informed and believes, and thereon alleges, that at all times set forth herein, Defendant was advised by skilled lawyers and other professionals, employees and advisors knowledgeable about the FLSA.  Plaintiff is informed and believes that Defendant willfully, knowingly and intentionally failed to comply with the FLSA.

/ / / /

## FIRST CAUSE OF ACTION

### FOR WILLFUL VIOLATION OF 29 U.S.C. § 207

### (Against All Defendants for the Late Payment of Overtime)

14.    Plaintiff reasserts and realleges paragraphs 1 though 13, inclusive, as if fully set forth and incorporates said paragraphs herein by reference.

15.    Defendant has either recklessly or knowingly and intentionally failed and refused to compensate Plaintiff for overtime compensation that he banked as CTO while employed by Defendant by the regular pay day for the period in which the overtime was worked.

16.    The payment of CTO, or any overtime compensation, "…may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made."  29 CFR § 778.106

17.    Defendant has delayed the payment of overtime for a period longer than is reasonably necessary for it to compute and arrange for payments of the amounts due, as set forth above.

18.    Although Defendant was apprised of the law regarding the payment of hours covered by the FLSA, Defendant failed to compensate Plaintiff in a timely manner.

19.    In doing all the things described and alleged herein, Defendant deprived Plaintiff of the rights, privileges and immunities secured to him by federal law which clearly sets forth that payment "…may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due…."  Defendant knew or should have known that their reckless and/or willful and intentional failure and refusal to pay for the overtime worked in a timely manner violated these rights, privileges and immunities.

20.     As a direct and proximate result of Defendant's actions and inactions, Plaintiff has been damaged and is entitled to compensatory and/or liquidated damages in an amount according to proof at trial including, but not limited to, a sum equivalent to his overtime compensation (CTO) which was paid late for the three (3) years prior to the filing of this action as required by 29 U.S.C. § 216(b), attorney fees and costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

### As to the First Causes of Action

1. Compensatory and/or liquidated damages in an amount according to proof at trial including, but not limited to, a sum equivalent to his overtime compensation (CTO) which was paid late for the three (3) years prior to the filing of this action as required by 29 U.S.C. § 216(b), attorney fees and costs.

2.     Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. 216(b), according to proof;

3.     Liquidated damages, attorney fees, and costs pursuant to 29 U.S.C. 216(b); and

4.     Any other relief, including equitable relief, as the Court may deem just and proper.

DATED: February 24, 2023                    DEASON & ARCHBOLD


By:  s/ David D. Deason
      David D. Deason
      Attorneys for Plaintiff

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: February 24, 2023                    DEASON & ARCHBOLD


By:   s/ David D. Deason
         David D. Deason
         Attorneys for Plaintiff